UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RONALD E. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-001-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN ERIC A. WILSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND** |
| Respondent. | ) | **ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Ronald E. Allen is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Allen has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2], and the Court has waived payment of the filing fee by separate Order. Having reviewed the petition[1], the Court concludes that the petition must be denied.

In his petition, Allen indicates that on April 18, 1995, he was arrested by police in Newark, New Jersey for carjacking. Federal authorities subsequently indicted Allen for a prior carjacking, and on January 18, 1996, he was delivered into federal custody pursuant to a writ of habeas corpus *ad prosequendum* and sentenced to 15 years in prison for the federal offense.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

1

Allen was then returned to New Jersey custody. Although Allen was in state custody at the time, on January 23, 1996, the United States Marshals Service prematurely referred Allen's case to the Bureau of Prisons for the purpose of designating a facility for him to serve his federal sentence.

On June 21, 1996, the New Jersey court sentenced Allen to 15 years in prison on the state charges, to run concurrently with the previously-imposed federal sentence, and further directed that he be remanded to federal custody notwithstanding New Jersey's primary jurisdiction over him. New Jersey officials turned Allen over to federal marshals on July 2, 1996, who in turn referred him to the BOP for incarceration. Allen remained in federal prison until 1998, when a routine review of Allen's records revealed that, in light of New Jersey's primary jurisdiction over him, Allen's transfer to federal authorities prior to the completion of his state sentence was in error. Upon consultation, the New Jersey Department of Corrections agreed, and accepted custody of Allen on May 22, 1998. Allen remained in New Jersey custody until the completion of his state sentence on July 19, 2000, at which time he was returned to federal custody pursuant to a detainer.

During this period, the BOP advised the federal sentencing judge that, pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), it was authorized to designate, *nunc pro tunc*, the New Jersey facility where Allen was incarcerated as the facility for service of his federal sentence. The effect of this designation is to permit the state and federal sentences for the two carjackings to run concurrently, and to give effect to the state court's expressed intention in this regard. While the BOP and the Assistant United States Attorney expressed a preference for this result, they sought the federal sentencing court's nonbinding recommendation. After the federal sentencing judge recommended consecutive sentences for the state and federal offenses, the BOP

declined to make a *Barden* designation.

Upon his return to federal custody on July 20, 2000, the BOP calculated Allen's sentence as commencing on that date, reasoning that the prior time spent in federal custody from July 2, 1996, to May 22, 1998, had been credited against his New Jersey sentence, and hence was not also creditable against his federal sentence pursuant to 18 U.S.C. § 3585(b). After exhausting his administrative remedies, Allen challenged that determination in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed in the District of New Jersey. After the district court denied relief, *Allen v. Nash*, No. 3:CV-04-0449 (M.D. Penn. 2004) (slip opinion of February 8, 2006), on direct appeal the Third Circuit affirmed on essentially the same grounds: that Section 3585(b) prohibits "double counting" the same period of time against both a federal and state sentence, and that New Jersey's conduct in turning Allen over to federal authorities on July 2, 1996, did not evidence an intent to relinquish primary jurisdiction over Allen. *Allen v. Nash*, 2007 WL 1683567 (3d Cir. June 12, 2007).

In his current petition, Allen reiterates the same arguments considered and rejected in his prior petition: that New Jersey intentionally relinquished primary jurisdiction over him when it transferred him to federal custody on July 2, 1996, [R. 2 at 11-13] and that the BOP's failure to give him credit against his federal sentence impermissibly forces him to serve his sentence in installments in violation of the "continuous service" doctrine. [R. 2 at 14-16.]

While Allen argues at length that the Third Circuit's decision in his prior appeal was wrongly decided, this Court will not sit as a second level of appellate review with respect to the precise issues considered and decided on the merits by the District of New Jersey and the Third Circuit. While principles of claim and issue preclusion do not apply in the habeas context in the

same manner as they do to a civil claim, *McClesky v. Zant*, 499 U.S. 467, 480-81 (1991) ("*res judicata* does not apply 'to a decision on habeas corpus refusing to discharge the prisoner.'"), *but see Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (applying doctrine of claim preclusion to bar reassertion of claims previously considered and rejected in prior habeas corpus petition filed pursuant to Section 2241), the abuse of the writ doctrine serves a similar role in counseling against considering the merits of the same claim presented in successive habeas corpus petitions. *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 n. 11 (6th Cir. 2003). The Court further notes that the Third Circuit's decision was in full accord, in both reasoning and result, with prior decisions of this Court on the issues presented in Allen's petition. *Cf. Fletcher v. U.S. Atty. Gen.*, No. 09-379-KKC, 2010 WL 3938373, at *3 (E.D. Ky. Oct. 5, 2010) (primary jurisdiction may be relinquished only upon the mutual agreement of the two sovereigns that the former cedes jurisdiction to the latter); *Washington v. Zuercher*, No. 09-CV-92-ART (E.D. Ky. 2990) (slip opinion of Feb. 24, 2010) (concerns underlying continuous service doctrine are not implicated by prisoner's release through administrative error).

Accordingly, **IT IS ORDERED** that:

1. Allen's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 19th day of January, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge